IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES A. VALONE, JR., : | |
| : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-0617-RWS |
| THOMAS B. VALONE, MARY : | |
| ETHEL BETTENDORF, JAMES : | |
| A. VALONE REVOCABLE : | |
| TRUST, AND ETHEL F. : | |
| VALONE REVOCABLE TRUST, | |
| : | |
|    Defendants. | |

## **ORDER**

This case comes before the Court on Defendant's Motion to Dismiss [6]. After considering the record, the Court enters the following Order.

### **Background**[1]

Plaintiff Thomas Valone ("Plaintiff") seeks the dissolution of the Bomeg Limited Partnership ("Bomeg"). Bomeg is a limited partnership organized

---

[1] The background section is taken from the allegations in Plaintiff's Petition for Dissolution ("Petition), Ex. 1 to Notice of Removal, Dkt. No. [1] and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Pl. Opp.") Dkt. No. [16]. See Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting that factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage).

under the laws of and registered with the State of Georgia. (Petition ¶ 6). By its terms, Bomeg was formed under the Georgia Revised Uniform Limited Partnership Act ("the Act") in November of 1995, and the rights and liabilities of Bomeg's partners and the administration of Bomeg are governed by the Act. (Petition ¶¶ 9-10.)

According to the Second Amended and Restated Limited Partnership Agreement ("the Agreement"), Bomeg's purpose is to conduct any lawful business permitted under the Act, including "the acquisition, retention and disposition of any type of property for business or investment purposes." (Petition at Ex. 1 Art. 1 § 1.6.) The partnership's sole asset is a brokerage account consisting of liquid securities and cash equivalents, the value of which varies but is currently believed to be approximately $24,000,000.00. (Petition ¶ 12.)

The general partners of Bomeg are Plaintiff, Defendant James A. Valone Revocable Trust ("JAV Trust") (established by Plaintiff's father), Defendant Ethel F. Valone Revocable Trust ("EFV Trust") (established by Plaintiff's mother), and Plaintiff's two siblings, Defendants Thomas Valone ("Thomas") and Mary Ethel Bettendorf ("Mary Ethel"). (Petition ¶ 11.) The JAV Trust and EFV Trust each hold forty-nine percent (49%) of the ownership interest in

2

Bomeg.  (Pl. Opp. at 5-6.)  Plaintiff, Thomas, and Mary Ethel are the trustees of both revocable trusts, and are permitted to manage the trusts by majority vote.  In addition, Plaintiff, Thomas, and Mary Ethel each hold two thirds of one percent of the ownership interest in Bomeg.  (Petition ¶¶ 13-14.)

The terms of the Agreement permit, but do not mandate, annual profit distributions.  No distributions of profits from Bomeg to any of its partners have been made since 2004.  However, because Bomeg is a partnership, annual income tax obligations on its profits pass through to its partners, including Plaintiff.  (Petition ¶¶ 28-30.)  Moreover, under the terms of the Agreement, each partner may only transfer his or her interest to one another or to his or her own children, excluding any adopted children.  (Petition ¶ 32.)

Plaintiff continues to incur a tax liability resulting from the partnership while seeing no prospect of receiving profits from Bomeg, while Defendants, acting as a block, effectively wield control over the partnership.  (Petition ¶¶ 23, 31, 36.)  In response to this situation, Plaintiff has petitioned the Court under Georgia law to dissolve Bomeg.

## Discussion

### I.     Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a

3

"short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009)(citing Iqbal, 129 S.Ct. at 1950). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. at 1261.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal, 578 F.3d at 1260 (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The

4

court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## II.     Plaintiff's Petition for Dissolution

Plaintiff seeks judicial dissolution of the Bomeg partnership. In diversity cases, a federal court applies the law of the forum in which it sits. Continental Cas. Co. v. Adamo, 326 F.3d 1181, 1182 (11th Cir. 2003) (quotes and cite omitted). Under Georgia law, the test for dissolution of a limited partnership is whether it is "not reasonably practicable to carry on the business in conformity with the partnership agreement." GA. CODE. ANN. § 14-9-802 (2008). While no Georgia courts have interpreted this language in the context of a limited partnership, the statutory language is plain and unambiguous.

The dissolution test in the Georgia code is identical to that found in § 802 of the Revised Uniform Limited Partnership Act ("RULPA). See RULPA 802, 6B U.L.A. 328 (2008). Under Georgia law, statutory language adopted from the RULPA is to be "interpreted and construed as to effect its general purpose to make uniform the law of those states which enact [the RULPA]." GA. CODE. ANN. § 14-9A-3. To that end, courts interpreting the Georgia Code's provisions on limited partnerships should "look to the law of other

5

jurisdictions considering the same question under the [RULPA]." Hendry v. Wells, 286 Ga. App. 774, 784, 650 S.E.2d 338, 346 (Ga. Ct. App. 2007).

Other jurisdictions faced with similar statutory language have consistently held that when a business is organized for the purpose of operating at a profit, the relevant inquiry in an action for judicial dissolution is whether the business is still able to do so. Courts have granted judicial dissolution in cases where the business could only be operated at a loss. In PC Tower Center, Inc. v. Tower Center Development Associates Ltd. Partnership, the partnership agreement stated that the partnership was formed, in part, to invest in, operate, develop, sell, and otherwise use certain real property for profit and as an investment. PC Tower Ctr., Inc. v. Tower Ctr. Dev. Assocs. Ltd. P'ship, Civil Action No. 10788, 1989 WL 63901, at *1 (Del. Ch. June 08, 1989). Where the property in question became encumbered by debts and liens substantially greater than the value of the property, the court found that the partnership could only be operated at a loss due to the partnerships's lack of equity in the property and the absence of any reasonable prospect of redeveloping the property due to local economic conditions. Id. at *5. In addition, conflict between the partners had resulted in a deadlock, further preventing the partnership from operating at a profit. Id. Given these circumstances, the court held that it was impracticable

6

to carry on the partnership in accordance with the purpose outlined in the partnership agreement, and granted dissolution. Id. at *6.

Dissension among partners may render the purpose reasonably impracticable when such conflict prevents the business from operating in accordance with its partnership agreement.  Where such dissension does not prevent the accomplishment of the agreement's purpose, judicial dissolution is unwarranted.  In Houser v. River Loft Associates Ltd. Partnership, the court dismissed an action for dissolution even where the general partners engaged in conduct that would support a claim for breach of fiduciary duty.  See Houser v. River Loft Assocs. Ltd. P'ship, Civil Action No. 98-4312B, 1999 WL 33594570, at *3-4 (Mass. Super. Ct. Mar. 15, 1999).  The partnership agreement stated its purpose was, among other things, to acquire develop, improve, operate, lease, sell, and otherwise deal with certain real estate property.  The plaintiff conceded that the general partners continued to operate the property in accordance with the agreement.  As such, the court held that the defendants' alleged misconduct provided no basis for judicial dissolution of the partnership, even though such conduct may otherwise support a separate tort or contract claim.  See id. at *2.

7

This trend is reinforced by the authorities cited by Plaintiff in the present case.  In Taki v. Hami, the court upheld the dissolution of a general partnership consisting of two partners that suffered a deadlock in operations due to a total breakdown in the relationship between the parties.  Taki v. Hami, No. 219307, 2001 WL 672399, at *1 (Mich. Ct. App. May 04, 2001).  There, the court held that the defendant had failed to prove that the business of the partnership was capable of being completed in a reasonable, feasible manner despite the offending partner's conduct.  The court cited evidence showing that both partners had not spoken in years except through their attorneys and that one partner was fearful of violence on behalf of the other.  This breakdown in communication between the two partners prevented the partnership from operating at all, thereby justifying its dissolution.  Id. at *3.

The court in Kirksey v. Grohmann was faced with a similar deadlock in operation when it granted the plaintiffs' petition to dissolve a limited liability company ("LLC").  The Kirksey decision, while dealing with an LLC rather than a partnership, involved a similar statutory standard for dissolution where it was not "reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement." Kirksey v. Grohmann, 2008 SD 76, ¶ 10, 754 N.W.2d 825, 827 (S.D. 2008).

8

The court ultimately held that it was not reasonably practicable to carry on the ranching and livestock business of an LLC formed by four sisters, with the understanding that they would have relatively equal say in the overall management and operation of the company.  Tensions between the parties resulted in an operational deadlock among the sisters, with two of the sisters opposing the others.  Id. ¶ 27, 754 N.W.2d at 831.  The court noted that the ranching and livestock operations had not yet been disrupted by the dispute.  However, the court emphasized the fact that no procedure existed in the company's documentation to break a tie vote and protect the company in the event that such conditions changed.  Id. ¶¶ 26-27, 754 N.W.2d at 830-31.  As such, the prospect of the sisters' conflict undermining the continued operation of the company was a crucial factor in the court's decision.[2]

In the present case, the Agreement states that Bomeg's business is the acquisition, retention and disposition of any type of property for business or investment purposes.  As such, the relevant inquiry is whether Plaintiff has pleaded sufficient factual content for the court to reasonably conclude that Bomeg cannot continue to accomplish this purpose.

---

[2] While the court expressed concern that half of the sisters exercised all control over the company to the exclusion of the others, this disparity in managerial control was not the primary basis for its decision.  Kirksey, 754 N.W.2d at 830-31.

9

However, all facts stated within the Petition lead to the opposite conclusion. According to Plaintiff, the value of Bomeg's assets has appreciated significantly since its inception. Moreover, Bomeg's profit has increased significantly, rising from $67,033 in 1996 to $425,422 in 2006, $521,561 in 2007, and $560,156 in 2008. (Petition ¶¶ 26-27.) These facts indicate that Bomeg's business continues to be quite successful and do not support an inference that Bomeg will be unable to continue operating in accordance with the stated purpose of the Agreement in the future.

Nor do the disagreements among the general partners create the sort of deadlock that justified dissolution in Kirksey or Taki. Defendants Thomas and Mary Ethel have consistently voted their interests in family business matters as a block, thereby overruling any opposition from Plaintiff. (Petition ¶ 23.) The business decisions of Defendants have allowed Bomeg to continue its operation without the sort of intractable deadlock that would imperil its operations. The fact that this leaves Plaintiff without managerial control over the direction of the partnership does not amount to any threat to the partnership itself.

Moreover, the fact that the current situation is disadvantageous to Plaintiff does not merit dissolution. Plaintiff's allegations have not even shown the level of misconduct present in Houser, where the court found that a breach

10

of fiduciary duty was an insufficient basis for dissolution when the partnership itself could still carry on its business. Here, Plaintiff has alleged no tortious conduct or breach of contract. Instead, Plaintiff merely seeks relief from inconvenient tax obligations and limitations of his right to transfer his partnership interest, both of which are risks that Plaintiff knowingly assumed when entering into the Agreement. Having done so, he cannot now seek the partnership's dissolution simply because the terms of the Agreement have become burdensome. See Hendry, 286 Ga. App. at 780, 650 S.E.2d at 344 (stating that "partners had a duty to read the Partnership Agreement before signing it" and denying breach of fiduciary duty claims asserted by limited partners who disliked the agreement's profit- and loss-sharing provisions); Baumgarner v . Green, 227 Ga . App . 156, 160, 489 S.E.2d 43, 47 (Ga. Ct. App. 1997) (holding that a limited partner "is bound by [the partnership agreement's] terms despite [the] fact that they did not operate to his benefit").

Given that Plaintiff has not pointed to any facts showing that the conflict among the parties would impact Bomeg's ability to continue operating at a profit, the Petition fails to state a cause of action for dissolution under Georgia law.

11

## Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiff's Petition for Dissolution [6] is **GRANTED**.

**SO ORDERED**, this  1st  day of November, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)